Mr. Michael S. Mullin Nassau County Attorney Post Office Box 1010 Fernandina Beach, Florida 32035-1010 Attention: Ms. Sue Gottesmann-Jarzyna Assistant County Attorney
Dear Mr. Mullin:
On behalf of the Nassau County Board of County Commissioners, you ask substantially the following question:
If a county adopted an occupational license ordinance in 1972 and that ordinance is not in accord with the conditions set forth in section205.0535(2) and (3), Florida Statutes, may the county now proceed to revise its rate structure pursuant to section 205.0315, Florida Statutes?
Section 1(a), Article VII, Florida Constitution, provides in part that "[n]o tax shall be levied except in pursuance of law . . . All other forms of taxation shall be preempted to the state except as provided by general law." In addition, section 9 of Article VII states that counties shall be authorized by general law to levy other taxes for county purposes, with certain exceptions. Thus, a county must be able to point to constitutional or statutory authority to exercise the taxing power.
The "Local Occupational License Tax Act,"[1] Chapter 205, Florida Statutes, authorizes the governing body of a county to levy "an occupational license tax for the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction."[2]
Certain conditions are imposed on the authority of a county to levy an occupational tax, such as a requirement that the tax be based on reasonable classifications and be uniform throughout any class.[3]
According to information you have provided to this office, Nassau County adopted a local occupational license tax ordinance in 1972.[4] In your letter, you refer to section 205.0535, Florida Statutes, which was adopted in 1993.[5] That statute provides that "[b]y October 1, 1995, any municipality or county may, by ordinance, reclassify businesses, professions, and occupations and may establish new rate structures, if the conditions specified in subsection (2) and (3) are met." Subsection (2) requires the establishment of an equity study commission to recommend a classification system and rate structure for local occupational license taxes prior to adoption of the ordinance. Subsection (3) sets parameters for the new license tax in terms of the amount that may be imposed and the maximum amount of revenue that may be generated. Pursuant to subsection (4),
After the conditions specified in subsections (2) and (3) are met, municipalities and counties may, every other year thereafter, increase by ordinance the rates of local occupational license taxes by up to 5 percent. The increase, however, may not be enacted by less than a majority plus one vote of the governing body.
The intention of the Legislature in adopting section 205.0535, Florida Statutes, was to provide local governments with an opportunity to revise their occupational license tax ordinances and the continued opportunity to undertake a limited revision every other year thereafter.[6]
However, it appears that Nassau County elected not to proceed under this statute to revise its occupational license tax ordinance, as you state that neither of the conditions specified in subsection (2) and (3) has been met by the county.
The county is interested in revising its occupational license tax structure pursuant to section 205.0315, Florida Statutes. You essentially ask whether the existence of the 1972 ordinance and the failure of the county to act prior to October 1, 1995, precludes the county from adopting a new occupational license tax ordinance under this statute. Pursuant to section 205.0315,
"Beginning October 1, 1995, a county or municipality that has not adoptedan occupational license tax ordinance or resolution may adopt anoccupational license tax ordinance. The occupational license tax rate structure and classifications in the adopted ordinance must be reasonable and based upon the rate structure and classifications prescribed in ordinances adopted by adjacent local governments that have implemented s. 205.0535. If no adjacent local government has implemented s.205.0535, or if the governing body of the county or municipality finds that the rate structures or classifications of adjacent local governments are unreasonable, the rate structure or classifications prescribed in its ordinance may be based upon those prescribed in ordinances adopted by local governments that have implemented s. 205.0535 in counties or municipalities that have a comparable population." (e.s.)
The Legislature has authorized in section 205.0315, Florida Statutes, those counties that have not adopted an occupational license tax ordinance by October 1, 1995, to do so with a rate structure aligned with neighboring local governments. It appears, however, that Nassau County did adopt an occupational license tax in 1972. Thus, the county does not fall within the scope of section 205.0315.
Pursuant to section 205.033(1)(b), Florida Statutes:
"Unless the county implements s. 205.0535 or adopts a new occupational license tax ordinance under s. 205.0315, an occupational license tax levied under this subsection may not exceed the rate provided by this chapter in effect for the year beginning October 1, 1971; however, beginning October 1, 1980, the county governing body may increase occupational license taxes authorized by this chapter. The amount of the increase above the license tax rate levied on October 1, 1971, for license taxes levied at a flat rate may be up to 100 percent for occupational license taxes that are $100 or less; 50 percent for occupational license taxes that are between $101 and $300; and 25 percent for occupational license taxes that are more than $300. Beginning October 1, 1982, the increase may not exceed 25 percent for license taxes levied at graduated or per unit rates . . ."
Thus, the rate at which a county may increase the taxes levied on occupational licensees is limited to an amount based on the rate adopted in 1982 unless the county implements section 205.0535, Florida Statutes.
The statutory scheme in Chapter 205, Florida Statutes, is comprehensive: section 205.0315, Florida Statutes, makes provision for counties to adopt an occupational license tax if they had none previously; section 205.0535, Florida Statutes, authorizes counties to revise an existing occupational license tax ordinance; and section 205.033(1)(b), Florida Statutes, provides that counties may continue to enforce an occupational license tax ordinance adopted prior to October 1, 1995, in those cases where the county did not act to revise its ordinance. Nassau County appears to fall within this last group, that is, it has had an occupational license tax since 1972 and did not act prior to October 1, 1995, to revise that ordinance under section 205.0535, Florida Statutes. Such a conclusion is consistent with earlier opinions of this office.[7]
Accordingly, it is my opinion that Nassau County, which adopted its occupational license ordinance in 1972, is not authorized to enact a new occupational license tax ordinance or revise its rate structure pursuant to section 205.0315, Florida Statutes.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See, s. 205.013, Fla. Stat.
[2] Section 205.032, Fla. Stat. See, s. 205.022(1), Fla. Stat., defining "Local occupational license" as "the method by which a local governing authority grants the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction." It does not, however, refer to any fees or licenses paid to any board, commission or officer for permits, registration, examination, or inspection.Id.
[3] Section 205.033, Fla. Stat.
[4] See, Nassau County Ordinance No. 72-17.
[5] See, s. 8, Ch. 93-180, Laws of Florida, as amended by s. 60, Ch. 98-419, Laws of Florida.
[6] See, Op. Att'y Gen. Fla. 96-83 (1996), discussing the legislative intent and citing Senate Staff Analysis and Economic Impact Statement on SB 364, dated March 4, 1993, Florida Senate. Cf., Op. Att'y Gen Fla. 95-46 (1995) discussing the amendment of municipal occupational license tax ordinances.
[7] See, e.g., Op. Att'y Gen. Fla. 96-83 (1996), in which this office concluded Putnam County, which had adopted an occupational license tax ordinance in 1972 and had not revised its ordinance by October 1, 1995, pursuant to s. 205.0535, Fla. Stat., was not authorized to enact a new occupational license tax ordinance pursuant to s. 205.0315, Fla. Stat., but was limited to increasing the taxes levied on occupational licensees to an amount based on the rate adopted in 1982 as provided in s.205.033(1)(b), Fla. Stat.